

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
Attorney General

KENT T. STAUFFER
Executive Deputy Attorney General
Division of State Counsel

(212) 416-8621

LISA R. DELL
Assistant Attorney General in Charge
Litigation Bureau

September 18, 2015

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

  RE: Kathleen Ross v. The City University of New York,
     15 CV 4252 (KAM)(VMS)

Your Honor:

  The Office of the Attorney General of the State of New York represents defendant The City University of New York ("CUNY") in the above-referenced action. In accordance with Your Honor's individual practices, I write to request a pre-motion conference regarding CUNY's proposed motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

  Plaintiff Kathleen Ross ("Plaintiff") alleges that she is a student at Queens College, one of CUNY's senior colleges, and that she "is diagnosed with cerebral palsy and uses a walker for her primary means of mobility." See Complaint at ¶¶ 4, 14. She brings this action under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 et seq., alleging that she "tried to access numerous architectural features but encountered numerous barriers which hindered her ability to access the services and utilize the programs offered at" Queen College. See Complaint at ¶¶ 1, 15. The Complaint seeks injunctive and declaratory relief, as well as compensatory damages. See Complaint at pp. 12-13.

  Queens College's records show that Plaintiff was an undergraduate student from the Fall 2013 through Summer 2015 semesters and that she graduated on September 1, 2015 with a Bachelor's Degree in Psychology. She is not currently enrolled as a student at Queens College.

Honorable Kiyo A. Matsumoto                                                                                              Page 2
September 18, 2015

    For the following reasons, Plaintiff's claims are deficient and subject to dismissal.

**Plaintiff has failed to allege a particularized injury as a result of the "architectural features" identified in the Complaint.** Under Article III of the United States Constitution, the jurisdiction of the federal courts extends only to actual "cases and controversies." See Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012). To satisfy the "threshold" requirement for standing, "a plaintiff must demonstrate (1) a personal injury in fact (2) that the challenged conduct of the defendant caused and (3) which a favorable decision will likely redress." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC, 433 F.3d 181, 198 (2d Cir. 2005).

    Here, while the Complaint contains a laundry list of alleged "physical barriers," see Complaint at ¶ 23, it fails to allege that Plaintiff herself was personally hindered by these barriers or that she was denied access to classes or other aspects of her educational program. For example, while the Complaint alleges that "[t]here are areas of the Benjamin S. Rosenthal Library that are completely inaccessible due to stairs," these areas are not identified and no information at all is provided regarding Plaintiff's own experience, if any, attempting to access these areas of the Library. As such, Plaintiff lacks standing.

    The lack of any allegations that specifically address Plaintiff's own difficulties accessing the Queens College campus also means that the Complaint fails to state a cause of action. Among other elements, to state a violation of Title II of the ADA or the Rehabilitation Act, a plaintiff must show that she was "denied the opportunity to participate or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of [her] disabilities." Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003) (citations omitted). Here, Plaintiff has failed to identify the programs or services that she could not participate in because of the "physical barriers" listed in the Complaint. Instead, the Complaint offers only a bare formulaic recitation of this element, see Complaint at ¶ 15 ("[Plaintiff] tried to access numerous architectural features but encountered numerous barriers which hindered her ability to access the services and utilize the programs offered at the Property"), legally insufficient to state a plausible cause of action. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citations omitted).

    **As a result of Plaintiff's graduation, she no longer has standing to assert claims for injunctive or declaratory relief.** It is well-established that a student's standing to bring claims for declaratory or injunctive relief against a school, college or university is lost when the student graduates. See Russman v. Bd. of Educ., 260 F.3d 114, 119 (2d Cir. 2001) (dismissing case as moot because of plaintiff's was no longer a student in defendant's school); Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 74 (2d Cir. 2001) ("when [their child] graduated from Fox Lane Middle [School], the DiBaris lost their standing to challenge activities conducted at that school"). The Second Circuit "has consistently held that students' declaratory and injunctive claims against the universities that they attend are mooted by the graduation of the students,

Honorable Kiyo A. Matsumoto                                                                 Page 3
September 18, 2015

because after their graduation and absent a claim for damages, it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury." Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (quotation and citations omitted). Thus, in light of Plaintiff's graduation from Queens College, and based on this controlling authority, Plaintiff's claims for injunctive and declaratory relief have been rendered moot and should be dismissed for lack of jurisdiction.

**Plaintiff's ADA Title II claim is barred by the Eleventh Amendment.** It is now well-established that CUNY's senior colleges are an arm of New York State for purposes of the Eleventh Amendment. See Clissuras v. City Univ. of N.Y., 359 F.3d 79 (2d Cir. 2004) (per curiam), cert. denied, 543 U.S. 987 (2004). As will be explained more fully in the moving brief, applying the test announced in in United States v. Georgia, 546 U.S. 151, 159 (2006), to Plaintiff's ADA Title II claim, the Court should find that New York's immunity under the Eleventh Amendment has not been validly abrogated in this instance and dismiss the claim for lack of jurisdiction. Notably, none of the conduct alleged by Plaintiff constitutes in itself a violation of the Fourteenth Amendment. Significantly, access to higher education does not implicate a constitutional right. Martinez v. Bynum, 461 U.S. 321, 329 n. 7 (1983); San Antonio Ind. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 (1973). Further, none of the allegations in the Complaint support a plausible inference that any action was taken against Plaintiff because of discriminatory animus or ill will. See Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 89 (2d Cir. 2004) ("In order to obtain money damages as a remedy for [the University of Connecticut's] alleged violation of Title II of the ADA, plaintiff would need to show not only that there was a violation, but that such violation was motivated by either discriminatory animus or ill will stemming from plaintiff's disability."); Garcia v. State Univ. of N.Y. Health Scis. Ctr., 280 F.3d 98, 111-112 (2d Cir. 2001); Morales v. New York, 22 F. Supp. 3d 256, (S.D.N.Y. 2014). In fact, there can be no plausible allegation of a general intent to discriminate as CUNY has adopted policies against disability discrimination and to provide students with disabilities with reasonable accommodations. See http://www2.cuny.edu/wp-content/uploads/sites/4/page-assets/about/administration/offices/hr/policies-and-procedures/PEONon-Discrimination12.4.2014.pdf.

                                                             Respectfully,

                                                             /s/
                                                        Steven L. Banks
                                                        Assistant Attorney General


cc:     Honorable Vera M. Scanlon (by ECF)
         Andrew D. Bizer, Esq. (by ECF & email)
         Garret S. DeReus, Esq. (by ECF & email)